FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
20 APR -9 AM 10: 00
CLERK_____
SO. DIST OF GA.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA

IN RE: Expanded Use of Electronic And   )
    Other Signatures Due to Exigent   )
    Circumstances Created by COVID-19   )

## STANDING ORDER MC 120-007

WHEREAS, on March 13, 2020, a national emergency was declared under the National Emergencies Act, 50 U.S.C. Section 1601, *et. seq.*, in response to the COVID-19 pandemic;

WHEREAS, on March 27, 2020, the President signed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") authorizing the use of video and telephone conferencing, under certain circumstances and with the consent of the defendant or juvenile, for various criminal case events during the course of the COVID-19 emergency;

WHEREAS, on March 29, 2020, the Judicial Conference of the United States found that emergency conditions, consistent with the national emergency declared with respect to COVID-19, will materially affect the functioning of the federal courts; and

WHEREAS, on March 30, 2020, the Chief Judge of this District, pursuant to Section 15002(b)(1) of the CARES Act and based on a finding that criminal proceedings cannot be conducted in person without seriously jeopardizing public health and safety, entered an Order-MC120-005- providing that in lieu of personal appearance, and with the consent of the defendant or juvenile after consultation with counsel, it is appropriate to use video conferencing, or telephone conferencing if video conferencing is not reasonably available, for all events listed in Section 15002(b) of the CARES Act and in Order MC120-005; and

WHEREAS, certain Federal Rules of Criminal Procedure, such as Rules 10(b)(2), 15(c)(1)(A), 20(a)(1), 23(a)(1), 32(e), 43(b)(2), allow for consent or waiver of certain rights by a defendant or juvenile, but require that such consent or waiver be in writing. More broadly, various documents, including but not limited to financial affidavits and appearance bonds/orders for release, guilty pleas and plea agreements, call for the signatures of defendants or juveniles, counsel and/or judges. The current circumstances, and the increased usage of video and telephone conferencing, likely make it impracticable, if not impossible, to obtain actual signatures in a timely and safe manner.

For these reasons, IT IS HEREBY ORDERED that, where a judge finds that obtaining an actual signature is impracticable or imprudent in light of the public health emergency relating to COVID-19, any document may be signed electronically.

IT IS FURTHER ORDERED that, where a defendant's or juvenile's signature is required either defense counsel or the presiding judge may sign on the defendant's or juvenile's behalf if the defendant or juvenile, after an opportunity to consult with counsel, consents.

IT IS FURTHER ORDERED that, where consent or waiver is not explicitly required to be in writing by the Federal Rules of Criminal Procedure or other applicable law, such consent or waiver may be obtained in whatever form is most practicable under the circumstances, so long as the defendant's or juvenile's consent, obtained after consultation with counsel, is clearly reflected in the record.

**ORDERED** in Augusta, Georgia, this 9th day of April, 2020.

_____
J. RANDAL HALL
Chief United States District Judge